**UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 98-50378
Summary Calendar

ARMANDO FUENTES; FUENTES ASESORIES ADUNALES, S.A. de C.V.,

Plaintiffs-Appellants,

VERSUS

CREAMLAND DAIRIES; PRICES CREAMERIES, A Division of Creamland Dairies, Inc.; DEAN FOODS COMPANY; PRICES CREAMERIES, A Division of Dean Foods Company,

Defendants-Appellees.

Appeal from the United States District Court
for the Western District of Texas
(EP-96-CV-526)

May 7, 1999

Before DAVIS, DUHÉ and PARKER, Circuit Judges.

PER CURIAM:[*]

Plaintiffs-Appellants Armando Fuentes and Fuentes Asesories Adunales, S.A. de C.V. ("Fuentes") appeal an order dismissing their action against Creamland Dairies, Prices Creameries and Dean Foods Company (collectively "Creamland"). We affirm.

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1

## FACTS AND PROCEDURAL BACKGROUND

In 1995, Fuentes contracted to import Creamland products into Mexico for sale to Wal Mart de Mexico. Creamland set the price at which the products were to be sold to Wal Mart lower than what was being invoiced to Fuentes. After Wal Mart's payments were forwarded to Creamland, Fuentes's records continued to reflect an account payable to Creamland. To remedy this, Creamland "forgave" the debt, which forgiven debt became taxable income for Fuentes.

Fuentes filed suit in state court asserting claims against Creamland concerning this tax liability, as well as other disputes which arose under their contract. The case was removed to federal court and Creamland counterclaimed seeking to enforce its rights under the same contract. On November 5, 1997, after settlement negotiations and an exchange of letters concerning settlement, Creamland advised the district court that settlement had been reached. The district court granted several requests from both parties for extension of time to submit finalized settlement documents to the court. On March 30, 1998, the district court dismissed the case with prejudice, although the parties had never submitted a signed settlement agreement to the court.

## DISCUSSION

We review the district court's dismissal for clear error. *See White Farm Equipment Co. v. Kupcho*, 792 F.2d 529 (5th Cir. 1986). The parties do not dispute that Texas substantive law governs this diversity matter. *See Cavallini v. State Farm Mutual Auto Ins. Co.*, 44 F.3d 256, 266 (5th Cir. 1995).

2

Fuentes argues that no agreement existed under Texas law. Alternatively, Fuentes maintains that, if an agreement existed 1) he revoked the agreement prior to the entry of judgment; and 2) the agreement was not enforceable. Finally, Fuentes contends that the district court abused it's discretion because the role of the court is to recognize, encourage and enforce settlement agreements. We find that the district court did not clearly err in finding that the letters exchanged between the parties and made part of the record amount to an enforceable settlement agreement under Texas Rule of Civil Procedure 11. *See Padilla v. LaFrance*, 907 S.W.2d 454, 460 (Tex. 1995). Further, the district court did not clearly err in enforcing such agreement in the face of Fuentes's attempt to unilaterally revoke it. *See id.* at 461. Fuentes's contention that the district court abused it's inherent power to enforce contracts is without merit.

For the foregoing reasons, we affirm the district court's order dismissing this suit with prejudice.

AFFIRMED.

3